KANNER, Judge.
Appellant sought compulsory payment of its claim filed against the estate administered by the appellee, contending that section 733.211, Florida Statutes, F.S.A., is unconstitutional as it purports to act retrospectively in barring claims against estates pre-existing its passage because the time prescribed is not reasonable for the assertion of such claims. The trial judge denied the relief on the ground that section 733.211, pertaining to probate law and to the limitation of actions on claims against estates, barred any right to payment, thereby necessarily upholding the constitutionality of the act. Such decision was necessary to determination of the cause, and, therefore, such finding was inherent in the judgment. Harrell’s Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority, Fla.1959, 111 So.2d 439. Appeal from this order was taken directly to this court. The assignments of error included specifically the constitutional question raised in the trial court, and this was argued in the briefs of the respective parties and also on oral argument before this court.
Article V, section 4(2), Constitution of the State of Florida, F.S.A., and Rule 2.1, subd. a(5) (a) and (b), Florida Appellate Rules, 31 F.S.A., provide that appeals from trial courts may be taken directly to the Supreme Court, as a matter of right, from final judgments or decrees directly passing upon the validity of a state statute and, also, that appeals may be taken from district courts of appeal to the Supreme Court, as a matter of right, only from decisions initially passing upon the validity of a state statute. It is our view that the appeal here was improvidently taken to this court and should be transferred to the Supreme Court of Florida. In conformity with Rule 2.1, subd. a (5) (d), Florida Appellate Rules, 31 F.S.A., the notice of appeal and all other papers filed in the appeal cause at the expiration of five days from the filing of this-opinion shall be transferred to the Supreme-Court of Florida.
It is so ordered.
ALLEN, C. J., and SMITH, CULVER,, Associate Judge, concur.